UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Syed Hassan,

    Plaintiff,

v.

Jessamy Bardin and Mariano Furrer,

    Defendants

Case No. 1:22-cv-05695

Judge John Robert Blakey

## MEMORANDUM OPINION AND ORDER

Plaintiff Syed Hassan sued Defendants Jessamy Bardin and Mariano Furrer, alleging breach of contract (Count I) and promissory estoppel (Count II). [1]. Defendants move to dismiss both claims. [9]. For the reasons explained below, this Court grants Defendants' motion and dismisses both counts with prejudice.

### I. Background[1]

Plaintiff, a resident of Indiana, [1] ¶ 1, holds some interest in a property located at 1634 Palermo Street, Medford, OR 97504 ("Oregon Property"). *See* [1] at 15.[2] Defendants are residents of Oregon. [1] ¶ 1. While Plaintiff and the two Defendants were in the Chicago area in July 2022, they discussed the possibility of Defendants renting the Oregon Property from Plaintiff. [1] ¶ 4.

---

[1] For purposes of the motion to dismiss, the Court relies upon the facts as set forth in the Complaint, [1].

[2] Plaintiff implies but does not explicitly state that he owns the Oregon Property. His ownership appears to be assumed by both sides. *See* [9] at 2.

According to the Complaint, on or about July 1, 2021, Defendants made an oral promise to rent the Oregon Property beginning August 1, 2022. [1] ¶ 4. Defendants professed to "LOVE" the property and described it as "perfect for a few years." *Id.*

The Complaint inconsistently describes the length of the alleged rental agreement. It first alleges that "Defendants entered into an oral agreement to rent the [Oregon Property] … for a period of one year." [1] ¶ 4. It continues by asserting that Defendants' alleged representations caused Plaintiff to "believe that they would have renewed the agreement for at least three additional years." *Id.* But later, the Complaint states that "Defendants made an unambiguous promise" to rent the Oregon Property "for several years." *Id.* ¶ 15.

Relying on the alleged agreement, Plaintiff stopped showing the Oregon Property to other interested parties following what he believed to be Defendants' promise to rent it. *Id.* ¶ 5.

On July 12, 2022, Defendants contacted Plaintiff to inform him that they had settled on a different property, and "implied that they would abandon their agreement." [1] ¶ 6. According to the Complaint, because of Defendants' conduct, Plaintiff was unable to earn rent from the Oregon Property while nonetheless spending money on its maintenance and utilities. *Id.* ¶¶ 5, 7.

Plaintiff filed the Complaint on October 17, 2022, alleging breach of contract (Count I) and promissory estoppel (Count II). [1]. Defendants move to dismiss both claims pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). [9].

## II. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" to provide the defendant with "fair notice" of the claim "and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. Proc. 8(a)(2).

While "detailed factual allegations" are not required, what is alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must contain "sufficient factual matter" to state a facially plausible claim to relief—one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "asks for more than a sheer possibility" that a defendant acted unlawfully. *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016)). Threadbare "recitals of the elements of a cause of action" and mere conclusory statements "do not suffice." *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).

In evaluating a complaint under Rule 12(b)(6), this Court accepts all well-pleaded allegations as true and draws all reasonable inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). This Court does

not, however, accept a complaint's legal conclusions as true. *Cornielsen v. Infinium Capital Mgmt., LLC*, 916 F.3d 589, 603 (7th Cir. 2019).

## III. Analysis

Defendants argue that Counts I and II should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and, with regards to Count I, because Plaintiff fails to allege sufficient facts to demonstrate that he is entitled to relief pursuant to Rule 8(a)(2). [9] at 3. Defendants also argue that both claims should be dismissed because the purported contract would violate the statute of frauds. *Id.*

### A. Choice of Law

Both parties proceed from the assumption that Illinois law governs this dispute. Because no party has raised a choice of law issue, the Court need not conduct a choice of law analysis and simply applies the law of the forum state, Illinois.[3] *See Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 345 (7th Cir. 2010).

### B. Count I: Breach of Contract

Count I of the Complaint alleges breach of contract by Defendants. To properly allege a breach of contract, "whether oral or written," under Illinois law, a Plaintiff must show "'the existence of a valid and enforceable contract, performance by the plaintiff, breach of the contract by the defendant, and resultant damages or injury to

---

[3] An argument could be made that the law of Oregon, as the state in which the property at issue is located and where Defendants reside, ought to control. But no party made this argument, and thus it is waived. Moreover, this Court finds no material difference between the laws of Illinois and Oregon as relevant here.

the plaintiff.'" *Mission Measurement Corp. v. Blackbaud, Inc.*, 287 F. Supp. 3d 691, 715 (N.D. Ill. 2017) (quoting *Sheth v. SAB Tool Supply Co.*, 990 N.E.2d 738, 754 (Ill. App. Ct. 2013)). The elements of a valid and enforceable contract under Illinois law include "offer, acceptance, and consideration." *LKQ Corp. v. Thrasher*, 785 F. Supp. 2d 737, 742 (N.D. Ill. 2011) (citing *Vassilkovska v. Woodfield Nissan, Inc.*, 830 N.E.2d 619, 624 (Ill. App. Ct. 2005)).

Here, Plaintiff alleges that he entered into an oral contract with Defendants, that he performed under the contract, that Defendants breached the contract, and that he suffered damages as a direct and proximate result of this breach. [1] ¶¶ 4–7. Defendants, for their part, argue that the Complaint's conclusory allegations fail to evidence the formation of a contract, neglecting to describe "what was said, by whom, to whom, or through what medium." [9-1] at 10. The Court need not dwell on whether these scant allegations suffice to state a claim or could be amended to do so, however, for Defendants' second argument, focused on the statute of frauds, clearly bars Plaintiff's claim.

Defendants contend that the Illinois state of frauds, which requires that an agreement that cannot be performed within one year be evidenced in writing, *see* 740 Ill. Comp. Stat. Ann. 80/1–2, unequivocally invalidates the oral agreement alleged. [9] at 3. The Court agrees.

Plaintiff asks the Court not to consider the statute of frauds—an affirmative defense—at this stage. [17] at 2, 6. Because a plaintiff generally need not anticipate affirmative defenses in drafting a complaint, courts will grant a motion to dismiss on

this basis "only if it is plain from the face of the complaint that the defense is meritorious." *Am. Kitchen Delights, Inc. v. Signature Foods, LLC*, No. 16-CV-08701, 2018 WL 1394032, at *5 (N.D. Ill. Mar. 20, 2018) (citing *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016)). In other words, only if a plaintiff "pleads itself out of court," should a complaint be dismissed on these grounds. *Brickstructures, Inc. v. Coaster Dynamix, Inc.*, No. 16 CV 10969, 2018 WL 11407585, at *6 (N.D. Ill. Sept. 7, 2018); *Perminas v. Novartis Seeds, Inc.*, No. 00 C 4581, 2000 WL 1780249, at *2 (N.D. Ill. Dec. 4, 2000).

In his Complaint, Plaintiff unequivocally claims an oral, not written, agreement. [1] ¶¶ 4, 9. The Complaint provides the date of the alleged contract formation, the date the lease was to begin, and—as discussed above–various allegations about the length of the contract. This timeline provides all of the facts needed to evaluate the statute of frauds issue; thus, it remains appropriate for Defendants to raise the statute of frauds at this stage and for this Court to consider the matter.

As Defendants note, an oral lease agreement for a term of multiple years quite obviously violates the statute of frauds. *Fischer v. Mann*, 514 N.E.2d 566, 569 (Ill. App. Ct. 1987) ("The statute of frauds clearly applies to a lease term of more than one year."). Plaintiff cannot sustain a claim premised on a multi-year oral lease.

In response to the motion to dismiss, Plaintiff suggests that Defendants have based their motion "on a misunderstanding and/or misreading" of the Complaint. [17] at 3. He seeks to clarify that he only alleged the agreement to cover an initial one-

year lease, which he believed Defendants "would have" opted to renew for an additional three years.[4] *Id.* Of course, Plaintiff may not amend his Complaint by way of a response to the Motion to Dismiss. *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009). But because the Complaint contains internal inconsistencies on the purported length of the lease, as noted above, the Court considers whether Plaintiff could state a claim based on the allegations that the parties formed an oral agreement for a one-year lease.[5] He could not.

Even if the oral agreement purported to create a lease for a single year, the Illinois statute of frauds still bars its enforcement because the agreement itself was formed a month before the lease term was set to begin. Plaintiff alleges that he and Defendants formed their contract on or about July 1, 2021, and that Defendants would begin renting the property on August 1, 2022, more than one year later. [1] ¶ 4. Thus, even if the lease covered a term of one year, the agreement still could not be performed within one year from the specifically alleged formation date, July 1, 2021. The statute of frauds, in short, renders the alleged lease unenforceable regardless of which duration allegation the Court credits. *See Sherwin v. Ault*, 579 N.E.2d 425,

---

[4] Plaintiff argues that each of the renewal terms would have been for one year and therefore capable of performance without being invalidated by the statute of frauds. [17] at 3. As discussed below, "the test for determining the one-year period is measured from the date the agreement is made." *Sherwin v. Ault*, 579 N.E.2d 425, 427 (Ill. App. Ct. 1991). If Plaintiff seeks to allege that the parties agreed to those renewal terms on July 1, 2022, the end date of each renewal term would clearly be more than one year from the date of the making of the agreement and thus also barred by the statute of frauds.

[5] Defendants note that Plaintiffs' damages allegations as written appear to rely on multiple years of rent, not a single year's worth, and suggest that amendment to allege a one-year contract would be futile because Plaintiff could not allege damages sufficient to reach the amount-in-controversy requirement of 28 U.S.C. § 1332(a). Finding amendment futile for other reasons, however, the Court need not take up this issue.

427 (Ill. App. Ct. 1991) (explaining that an oral agreement regarding the use of land must be made less than a year from the agreement's end date).

Plaintiff argues that his partial performance of the agreement takes it outside the operation of the statute of frauds. In Illinois, it is true as a "general rule" that partial performance can nullify the statute-of-frauds defense. *Genin, Trudeau & Co. v. Integra Dev. Int'l*, 845 F. Supp. 611, 619 (N.D. Ill. 1994) (citing *Dresser Indus., Inc. v. Pyrrhus AG*, 936 F.2d 921, 929 (7th Cir. 1991)). Plaintiff asserts that he partially performed by declining to show the Oregon Property to other potential renters once he believed Defendants had agreed to take it. [17] at 6. Not so.

Under Illinois law, the doctrine of partial performance remains unavailable to a plaintiff seeking only money damages. *Fischer v. First Chicago Cap. Markets, Inc.*, 195 F.3d 279, 283 (7th Cir. 1999) ("[T]he partial performance exception is an equitable remedy and therefore is unavailable to [a plaintiff] who seeks only money damages."). *See also Dickens v. Quincy Coll. Corp.*, 615 N.E.2d 381, 385 (Ill. App. Ct. 1993) ("…the fact plaintiff sought money damages in both counts precluded him from raising the partial performance exception to the statute of frauds."); *Emerick Farms v. Marlen*, 2017 IL App (5th) 160260-U, ¶ 22 ("Indeed, this court has consistently held that the doctrine of part performance is not applicable in actions at law for money damages."); *Sjogren v. Maybrooks, Inc.*, 573 N.E.2d 1367, 1368 (Ill. App. Ct. 1991) ("Although acts of partial performance are typically sufficient to take an oral agreement out from under the operation of the Statute of Frauds in an action at equity, such acts do not take an action at law outside the operation of the Statute of Frauds.").

Plaintiff seeks "more than $100,000 in damages" from Defendants. [1] ¶ 2. Nowhere in the Complaint does Plaintiff request any alternative remedy. The harm that Plaintiff alleges he has suffered is purely monetary, for he "has been unable to collect any rent from the property" and has been "forced to incur monetary costs to maintain and secure the property and pay for utilities." *Id.* ¶ 7. As a result, he cannot hide behind the partial performance exception.

Because the statute of frauds bars Plaintiff's breach claim, the Court grants Defendants' motion to dismiss. Although the Court generally grants leave to amend, it nonetheless retains broad discretion to deny leave to amend where any amendment "would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Because any alleged agreement necessarily violates the statute of frauds, the Court declines to allow any amendment and dismisses the claim with prejudice.

C.  **Count II: Promissory Estoppel**

Plaintiff also alleges that he suffered damages in reliance on Defendants' "unambiguous promise" to rent the Oregon Property. [1] ¶¶ 14–20. Illinois law creates a cause of action for promissory estoppel. To state a claim based upon promissory estoppel, the plaintiff must allege that (1) defendant made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendant, and (4) plaintiff relied on the promise to its detriment." *Matthews v. Chi. Transit Auth.*, 51 N.E.3d 753, 780 (Ill. 2016).

Defendants move to dismiss this claim, too, arguing that the alleged agreement violates the statute of frauds and that the alleged facts remain insufficient to support the claim. [9] at 3. As above, the Court need not delve too deeply into Plaintiff's promissory estoppel claim to find that the statute of frauds scuppers it. Where, as here, a plaintiff's breach-of-contract claim fails, he is not permitted to circumvent the statute of frauds through an alternative claim for promissory estoppel. *Perminas*, 2000 WL 1780249, at *3 ("Illinois courts have prohibited plaintiffs from doing an end-run around the requirements of the statute of frauds where the claim is based on a promise that would otherwise be barred by the statute of frauds."); *Rosewood Care Ctr., Inc. v. Cook,* 852 N.E.2d 540, 545 (Ill. App. Ct. 2006) ("Promissory estoppel cannot be applied to allow recovery where the statute of frauds bars the contract claim."). Accordingly, this Court grants the motion to dismiss Count II, and, for the same reasons discussed above, the dismissal is with prejudice.

### IV. Conclusion

For the reasons explained above, the Court grants Defendants' motion to dismiss, [9], in its entirety and dismisses both Counts with prejudice. Civil case terminated.

Dated: September 20, 2023    Entered:

_____
John Robert Blakey
United States District Judge